IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS SUAREZ, : Civil No. 3:13-cv-2004
:
    Petitioner : (Judge Mariani)
:
v. : **FILED**
: **SCRANTON**
JOHN KERESTES, *et al.*, :
: APR 2 9 2016
    Respondents :

PER _____
DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed by Petitioner Thomas Suarez, who, at the time this petition was filed, was incarcerated within the Pennsylvania Department of Corrections. Since the filing of his petition, Suarez has been released from custody. Suarez sets forth claims related to the alleged denial of a fair trial, prosecutorial misconduct, error in the increase of his sentence upon remand, and ineffective assistance of counsel. (Doc. 1, at 5-9). For relief, Suarez seeks release from custody, or a new trial. (*Id.* at 14). In response, Respondents seek dismissal of the petition based on Suarez's failure to exhaust state court remedies. (Doc. 8). For the reasons set forth below, the Court finds that Suarez has exhausted his state court remedies. Accordingly, Respondents will be directed to file a supplemental memorandum of law fully addressing the merits of the habeas petition.

I.    **Background**

The background of this case has been aptly summarized by the Pennsylvania

Superior Court in its opinion affirming Suarez's judgment of sentence, as follows:

> Thomas Suarez appeals from his judgment of sentence, entered in the Court of Common Pleas of Pike County, after he was convicted by a jury of unlawful contact or communication with a minor ("Count 1"), criminal solicitation for involuntary deviate sexual intercourse ("Count 2"), criminal use of a communication facility ("Count 3"), and corruption of minors ("Count 4"). After a careful review of the record, we affirm.
>
> The trial court originally sentenced Suarez to 10-20 years' imprisonment on Counts 1 and 2, 2-5 years' imprisonment on Count 3, and 2-5 years' imprisonment on Count 4. The sentence for Counts 1 and 2 was imposed as a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714, based on Suarez's previous conviction in New York of "attempted assault," which the trial court determined was a crime of violence based on Suarez's pre-sentence investigation report. All sentences were to run consecutively, resulting in an aggregate sentence of 14-30 years' imprisonment. After granting Suarez's motion for reconsideration, the trial court modified his sentence, imposing 10-20 years of imprisonment on Counts 1 and 2, 2 to 5 years' imprisonment for Count 3, and 2 months-4 years' imprisonment on Count 4. The first two sentences were to be served concurrently, with the third sentence served consecutively, for an aggregate sentence of imprisonment of 10 years and 2 months to 24 years.
>
> Suarez filed a *pro se* Post Conviction Relief Act petition on November 21, 2005, and an amended petition was filed by his appointed counsel on April 29, 2008, averring the mandatory minimum sentence imposed on Counts 1 and 2 was not in compliance with section 9714. The trial court denied Suarez's petition. He then filed a collateral appeal to this court. Our Court found that Suarez's New York conviction for "attempted assault" was not the equivalent of Pennsylvania's crime of aggravated assault and therefore did not mandate the imposition of a mandatory minimum. We, therefore, vacated Suarez's sentence for Counts 1 and 2 and remanded for resentencing. Upon resentencing, the trial court imposed sentences of 8-20 years' imprisonment on Counts I and 2, 2-4 years of imprisonment on Count 3, and 2 months to 2 years' imprisonment on Count 4, all to run consecutively, for an aggregate sentence of 10 years and 2 months-26 years' imprisonment. Suarez timely appealed that sentence and filed a Pa.R.A.P.

2

>1925(b) statement of matters complained of on appeal. The trial court issued its Rule 1925(a) opinion, addressing its imposition of consecutive rather than concurrent sentences, its use of the sentencing guidelines to determine the sentence, and its general discretion in sentencing.

(Doc. 8-7, *Commonwealth v. Suarez*, No. 3216 EDA 2011, at 1-3 (Pa. Super.) (footnotes omitted)). On September 4, 2012, the Pennsylvania Superior Court affirmed the judgment of sentence. (*Id.*).

On December 3, 2012, petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Suarez*, No. 927 MAL 2012 (Pa.). The Pennsylvania Supreme Court denied the petition for allowance of appeal on May 29, 2013. (Doc. 8-9, *Commonwealth v. Suarez*, No. 927 MAL 2012 (Pa.)).

On July 25, 2013, Petitioner filed the instant *pro se* petition for writ of habeas corpus. (Doc. 1).

## II.     Discussion

### A.     Mootness

As a preliminary matter, the Court must address whether the instant petition has been rendered moot by virtue of Suarez's release from custody. Article III of the Constitution provides that the "judicial power shall extend to. . . cases. . . [and] to controversies." U.S. Const. Art. III, § 2. This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of "actual, ongoing cases or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001). The

mootness doctrine is centrally concerned with the court's ability to grant effective relief. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). "Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (citing *Khodara Envtl., Inc.*, 237 F.3d at 193; *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990)). Once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

Since the filing of this action, Suarez has been released from custody on parole. *See* Victim Information and Notification Everyday, available at https://www.vinelink.com/. Thus, it appears that Suarez has obtained the relief sought in his habeas petition, which would render the instant matter moot. However, out of an abundance of caution and because Suarez's request to be "discharged" may arguably mean release from any kind of custody, including any term of parole, the Court will address Respondents' response and consider whether Suarez has exhausted his state court remedies. Furthermore, Respondents will be directed to file a supplemental response addressing whether any of

Petitioner's claims have been rendered moot by virtue of his release on parole.

B. <u>Exhaustion</u>

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective. . . ." *See Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure

5

in the State"); *Lambert*, 134 F.3d at 513 (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner generally bears the burden to prove all facts establishing exhaustion. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Rose*, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *Rose*, 455 U.S. at 519.

Respondents assert that Suarez failed to exhaust his state court remedies based on his failure to raise the instant claims in a second Post Conviction Relief Act ("PCRA") petition, 42 Pa.C.S.A. § 9541, *et seq.* (Doc. 8). However, the record demonstrates that Suarez exhausted his available state court remedies on direct appeal with regard to the

6

challenge to his resentence. See (Doc. 8). The exhaustion requirement is satisfied if the petitioner's claim has been considered on direct appeal, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. See Lambert, 134 F.3d 506; Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992) ("a petitioner who has raised the claim on direct appeal need not raise it again in a state post-conviction proceeding") (citing Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984)). Accordingly, the petition is not subject to dismissal for failure to exhaust.

## III. Conclusion

Based on the foregoing, Respondents will be directed to file a supplemental memorandum of law addressing the potential mootness of any of Suarez's claims based on his release, and fully addressing the merits of the habeas petition. An appropriate Order follows.

Date: April 29, 2016

Robert D. Mariani
United States District Judge