## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SUAREZ, | : | Civil No. 3:13-cv-2004 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, *et al.*, | : | |
| | : | |
| Respondents | : | |

### MEMORANDUM

Petitioner, Thomas Suarez ("Suarez"), initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Therein, he alleges trial court error, prosecutorial misconduct, sentencing error, and ineffective assistance of counsel. (*Id.* at 5-9). For relief, Suarez seeks release from custody or, in the alternative, a new trial. (*Id.* at 14). For the reasons that follow, the petition will be denied.

## I.   Background

The background of this case has been aptly summarized by the Pennsylvania Superior Court in its opinion affirming Suarez's judgment of sentence, as follows:

> Thomas Suarez appeals from his judgment of sentence, entered in the Court of Common Pleas of Pike County, after he was convicted by a jury of unlawful contact or communication with a minor ("Count 1"), criminal solicitation for involuntary deviate sexual intercourse ("Count 2"), criminal use of a communication facility ("Count 3"), and corruption of minors ("Count 4"). After a careful review of the record, we affirm.

The trial court originally sentenced Suarez to 10-20 years' imprisonment on Counts 1 and 2, 2-5 years' imprisonment on Count 3, and 2-5 years' imprisonment on Count 4. The sentence for Counts 1 and 2 was imposed as a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714, based on Suarez's previous conviction in New York of "attempted assault," which the trial court determined was a crime of violence based on Suarez's pre-sentence investigation report. All sentences were to run consecutively, resulting in an aggregate sentence of 14-30 years' imprisonment. After granting Suarez's motion for reconsideration, the trial court modified his sentence, imposing 10-20 years of imprisonment on Counts 1 and 2, 2 to 5 years' imprisonment for Count 3, and 2 months-4 years' imprisonment on Count 4. The first two sentences were to be served concurrently, with the third sentence served consecutively, for an aggregate sentence of imprisonment of 10 years and 2 months to 24 years.

Suarez filed a *pro se* Post Conviction Relief Act petition on November 21, 2005, and an amended petition was filed by his appointed counsel on April 29, 2008, averring the mandatory minimum sentence imposed on Counts 1 and 2 was not in compliance with section 9714. The trial court denied Suarez's petition. He then filed a collateral appeal to this court. Our Court found that Suarez's New York conviction for "attempted assault" was not the equivalent of Pennsylvania's crime of aggravated assault and therefore did not mandate the imposition of a mandatory minimum. We, therefore, vacated Suarez's sentence for Counts 1 and 2 and remanded for resentencing. Upon resentencing, the trial court imposed sentences of 8-20 years' imprisonment on Counts I and 2, 2-4 years of imprisonment on Count 3, and 2 months to 2 years' imprisonment on Count 4, all to run consecutively, for an aggregate sentence of 10 years and 2 months-26 years' imprisonment. Suarez timely appealed that sentence and filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. The trial court issued its Rule 1925(a) opinion, addressing its imposition of consecutive rather than concurrent sentences, its use of the sentencing guidelines to determine the sentence, and its general discretion in sentencing.

(Doc. 8-7, *Commonwealth v. Suarez*, No. 3216 EDA 2011, at 1-3 (Pa. Super.) (footnotes omitted)). On September 4, 2012, the Pennsylvania Superior Court affirmed the judgment

of sentence. (*Id.*).

On December 3, 2012, petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Suarez*, No. 927 MAL 2012 (Pa.). The Pennsylvania Supreme Court denied the petition for allowance of appeal on May 29, 2013. (Doc. 8-9, *Commonwealth v. Suarez*, No. 927 MAL 2012 (Pa.)).

On July 25, 2013, Petitioner filed the instant *pro se* petition for writ of habeas corpus. (Doc. 1).

## II.   **Discussion**

### A.   Mootness

Respondents initially argue that the habeas petition has been rendered moot by virtue of Suarez's release from custody. (Doc. 14, at 2-3). In an effort to ascertain the custodial status of Suarez, the court accessed the Vinelink online inmate locator, which revealed that Suarez is currently in custody.[1] Accordingly, the Court will deny Respondents' request to dismiss the petition based upon mootness, and will address the merits of the petition.

---

[1]    Upon entering Suarez's offender identification number, FX-8219, into the online inmate locator system, https://vinelink.com/#/search, his status was returned as follows:

Offender Name: Thomas Suarez
Custody Status: In Custody

3

B.    Merits

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that

an application for a writ of habeas corpus premised on a claim previously adjudicated on the

merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the Supreme Court of the
> United States; or
> (2) [the decision] was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a

state court's findings of fact are correct.  A petitioner may only rebut this presumption with

clear and convincing evidence of the state court's error.  *Miller-El v. Cockrell*, 537 U.S. 322,

341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual

4

issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual

decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir.

2005).  This presumption of correctness applies to both explicit and implicit findings of fact.

*Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a habeas petitioner

"must clear a high hurdle before a federal court will set aside any of the state court's factual

findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

      Like the "unreasonable application" prong of paragraph (1), a factual determination

should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational

jurist could not reach the same finding on the basis of the evidence in the record.  28 U.S.C.

§ 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v.*

*Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316

(1979).  "This provision essentially requires the district court to step into the shoes of an

appellate tribunal, examining the record below to ascertain whether sufficient evidence

existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301

F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[2]).  Mere

disagreement with an inferential leap or credibility judgment of the state court is insufficient

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362,

---

[2]    "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination."  28 U.S.C. § 2254(f).

408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding

lacks evidentiary support in the state court record or is plainly controverted by evidence

therein should the federal habeas court overturn a state court's factual determination.

*Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

### 1.   Evidentiary Decisions and Jury Instructions

Suarez claims that he was denied a fair trial because the trial court admitted

prejudicial phone calls between petitioner and his son, precluded defense counsel from

arguing the absence of criminal attempt in its opening and closing statements, and failed to

instruct the jury on the elements of criminal attempt. (Doc. 1, p. 5).

In affirming Suarez's judgment of sentence, the Pennsylvania Superior Court found

that Suarez was not entitled to relief on the claims regarding the admittance of the phone

calls and precluding defense counsel from arguing the absence of criminal attempt in its

opening and closing statements. (Doc. 19-1, *Commonwealth v. Suarez*, No. 3146 EDA

2004, Pennsylvania Superior Court Memorandum affirming the judgment of sentence, dated

Oct. 3, 2005). The Superior Court further found that the claim regarding instructing the jury

on the elements of criminal attempt was waived. (*Id.*). The Superior Court reasoned as

follows:

> In his first issue on appeal, Suarez argues that the trial court erred in failing to
> redact certain portions of the intercepted phone conversations he had with
> R.W. Specifically, Suarez argues that he suffered undue prejudice from the

6

jury's exposure to the portions of the conversation where he was speaking to his son.

Our standard of review on this issue is well established. The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. *Commonwealth v. Hood*, 872 A.2d 175, 181 (Pa. Super. 2005). "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." *Id.* at 178 (quotation omitted).

A trial court may exclude relevant evidence if the probative value of the evidence is outweighed by the danger of unfair prejudice to the defendant. *Commonwealth v. Broaster*, 863 A.2d 588, 592 (Pa. Super. 2004). However, given that all relevant evidence is by definition prejudicial to one of the parties, it is only when the prejudice aroused is such that it is likely to cause a jury to decide on an improper basis that a court should exclude evidence under this rationale. *Id.*

Suarez argues that portions of the telephone conversations at issue suggested that he was abusive towards his son, and therefore prejudiced him unfairly. The trial court, in reviewing the intercepted conversations, determined that the selected portions that Suarez objected to were brief and were not unduly inflammatory. The trial court further opined that these portions were particularly difficult to hear, and therefore less likely to have a major impact on the jury. After reviewing the transcripts of the intercepts, we cannot conclude that the trial court abused its discretion in deciding to not redact these brief passages. Although Suarez argues that his "crude language and manner with his son on the phone could easily give" the jury an impression that he was a poor father, and therefore prejudice him in the eyes of the jury, the selected passages are actually fairly mild. Accordingly, Suarez is due no relief on his first contention on appeal.

Next, Suarez argues that the trial court erred in preventing him from arguing at the time of trial that no evidence had been presented which established

that he had sexual relations with R.W.  In support, Suarez cites to this Court's recent decision in *Commonwealth v. Moss*, 852 A.2d 374 (Pa. Super. 2004). However, Suarez's reliance on *Moss* is misplaced.

In *Moss*, this Court was presented with an appeal from convictions on charges of criminal use of a communcations facility.  Specifically, two co-defendants were convicted of using telephones to facilitate narcotics transactions.  We found that the record was devoid of any evidence that those narcotics transaction[s] had actually taken place.  Accordingly, we reversed the convictions as a defendant cannot be convicted of facilitating a crime that never occurred.  *Moss*, 852 A.2d at 383-384.

In the case *sub judice*, Suarez was not charged with facilitating a crime through a telephone conversation.  Rather, the telephone conversations themselves were alleged to have been felonies.  Suarez's attempt at persuading R.W. to engage in sexual relations with him was sufficient evidence to support his conviction for felony criminal solicitation to commit involuntary deviate sexual intercourse.  *See Commonwealth v. Morales*, 601 A.2d 1263 (Pa. Super. 1992) (*en banc*), *appeal denied*, 531 Pa. 652, 613 A.2d 558 (1992).  Therefore, there was no need to address whether Suarez's telephone conversation with R.W. was coupled with an underlying crime.  Rather, the conversation itself was the underlying crime necessary for conviction under criminal use of a communications facility.  Conversely, in *Commonwealth v. Moss*, 852 A.2d 374 (Pa. Super. 2004), the defendant was charged with a single count of criminal use of a communication facility, and in support of this charge the prosecution attempted to prove that the defendant had facilitated a drug transaction. Accordingly, Suarez is due no relief on this issue.  [FN 6 - Furthermore, Suarez's argument regarding the trial court's failure to instruct the jury on this issue is waived, as Suarez failed to make a timely, specific objection to the jury charge on this point.  *See* Pa.R.Crim.P., Rule 647(B) , 42 Pa. Cons. Stat. Ann.].

(Doc. 19-1, pp. 4-6) (footnote 5 omitted).

"[F]ederal habeas corpus relief does not lie for errors of state law," *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), such as evidentiary rulings, unless the rulings rendered the trial so fundamentally unfair that a denial of constitutional rights results.  *See also*

8

*Bisaccia v. Attorney Gen. of New Jersey*, 623 F.2d 307, 312 (3d Cir. 1980), *cert. denied*,

449 U.S. 1042 (1980) ("evidentiary errors of state courts are not considered to be of

constitutional proportion, cognizable in federal habeas corpus proceedings, unless the error

deprives a defendant of fundamental fairness in his criminal trial"). The admission of

evidence violates due process only if an evidentiary ruling is so egregious that it results in a

denial of fundamental fairness. Generally, state-court evidentiary rulings cannot rise to the

level of due process violations unless they "offend[ ] some principle of justice so rooted in

the traditions and conscience of our people as to be ranked as fundamental." *Montana v.

Egelhoff*, 518 U.S. 37, 43 (1996).

In order to be granted habeas relief, Suarez must demonstrate that the introduction

of the telephone calls denied him his right to a fair trial or denied him due process. Suarez

has simply failed to make this showing. He presents no facts or arguments in support of

this claim. The trial court determined that the phone calls were brief, not unduly

inflammatory, difficult to hear, and "therefore less likely to have a major impact on the jury."

(Doc. 19-1, pp. 4-6). The Superior Court fully reviewed the evidence and found that the trial

court did not abuse its discretion in deciding to not redact these brief phone passages,

stating that the phone passages were "actually fairly mild." (*Id.*). The admission of the

telephone calls was not unduly prejudical such that they rendered the trial fundamentally

unfair. Thus, this claim will be dismissed.

9

As to Suarez's claim that the trial court erred in preventing his attorney from arguing the absence of criminal attempt in his opening and closing statements, Suarez must demonstrate that this trial court error denied him his right to a fair trial or denied him due process. The Superior Court determined that Suarez was not charged with facilitating a crime through a telephone conversation. Rather, the telephone conversations themselves were alleged to have been felonies and Suarez's attempt to persuade the child victim to engage in sexual relations with him was sufficient evidence to support his conviction for felony criminal solicitation to commit involuntary deviate sexual intercourse. Therefore, the Superior Court found that there was no need to address whether Suarez's telephone conversation with the child victim was coupled with an underlying crime. Rather, the conversation itself was the underlying crime necessary for conviction under criminal use of a communication facility. It cannot be said that precluding the defense from arguing criminal attempt in its opening and closing statements rendered the trial fundamentally unfair. Therefore, this claim will be dismissed.

Additionally, Suarez has procedurally defaulted the claim that the trial court failed to instruct the jury on the elements of criminal attempt. Suarez has waived this claim under state law and, as a result, has procedurally defaulted this claim in this forum. *See Suarez v. Pennsylvania*, 2014 WL 2922283 (M.D. Pa. 2014) (concluding that where the state court on direct appeal found the claims waived because no objection had been made at trial, federal

10

habeas review is precluded unless the petitioner can demonstrate cause and prejudice, or

that a failure to consider the claims will result in a fundamental miscarriage of justice) (citing

*Sloan v. Attorney General of Pennsylvania*, 2010 U.S. Dist. LEXIS 101854, *33-34 (W.D.

Pa. 2010)); *Solano v. Lamas*, 2014 WL 2567166 (M.D. Pa. 2014). Suarez is not entitled to

federal habeas review unless he can meet his burden of establishing "cause for the default

and actual prejudice as a result of the alleged violation of federal law or demonstrate that

failure to consider the claims would result in a fundamental miscarriage of justice."

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 260-63

(1989); *Morris v. Horn*, 187 F.3d 333, 342 (3d Cir. 1999). Suarez fails to acknowledge his

procedural default, and fails to allege any cause and prejudice to excuse it.[3] Accordingly,

this claim will be denied.

## 2. Prosecutorial Misconduct

Suarez next argues that "[t]he Commonwealth, in its closing argument, made

comments about computer related crimes and the necessity for these communication-based

---

[3]     Even assuming that the jury instruction claim was not waived, an error in jury instructions is generally subject to a "harmless error" analysis. *Smith v. Horn*, 120 F.3d 400, 417 (3d Cir. 1997) (citing *California v. Roy*, 519 U.S. 2, 5, 117 S. Ct. 337, 338, 136 L. Ed. 2d 266 (1996) (citations and quotations omitted)) ("In a collateral proceeding, the standard for harmlessness is 'whether the error had substantial and injurious effect or influence in determining the jury's verdict.'"). "[I]f the [federal habeas] court concludes from the record that the error had a 'substantial and injurious effect or influence' on the verdict, or if it is in 'grave doubt' whether that is so, the error cannot be deemed harmless." *Id.* at 418. In evaluating a challenged instruction, "[a] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (citation omitted).

crimes." (Doc. 1, p. 6).

In affirming Suarez's judgment of sentence, the Pennsylvania Superior Court found

that the Commonwealth's closing argument was not prejudicial. (Doc. 19-1, *Commonwealth*

*v. Suarez*, No. 3146 EDA 2004, Oct. 3, 2005 Memorandum affirming the judgment of

sentence). Specifically, the Superior Court found the following:

> Suarez argues that the Commonwealth committed prosecutorial misconduct
> in its closing argument to the jury. However, Suarez fails to identify the
> objectionable statements. A review of the transcript of the Commonwealth's
> closing argument reveals that Suarez objected only once, and that this
> objection was sustained. As Suarez has failed to identify any even arguable
> misconduct on the part of the Commonwealth, he is entitled to no relief on
> this claim. *See* Pa.R.A.P. Rule 2119(c), 42 Pa. Cons. Stat. Ann. (requiring a
> reference to the place in the record where an event relevant to appeal
> occurred); Pa.R.A.P., Rule 2119(e), 42 Pa. Cons. Stat. Ann. (requiring
> reference to the place in the record where the issue was preserved in the trial
> court).

> In light of the serious convictions here, we painstakingly reviewed the
> transcript of the Commonwealth's closing argument, and find no reason to
> conclude that the prosecutor made an emotional plea or inflammatory
> remarks. The prosecutor correctly summarized the elements of criminal use
> of a communication facility, Notes of Testimony, 5/26/04, at 175-176, and,
> later in his closing, again referred to the use of the telephone in the
> commission of the crime, *Id.* at 177-178. The closing argument clearly did not
> rise to the level of prejudice as previously explained by our Supreme Court:

>> [A] jury's determination must be based solely upon the
>> evidence and not a prosecutor's emotional appeal or crusading
>> incitation to make a statement to the judicial system or to
>> convince the jury that a certain verdict is necessary as a form
>> of retribution for the ills inflicted on society by a certain class of
>> people.

. . .

> While this Court in the past has approved statements
> concerning the jury sending "messages" with their verdicts in
> criminal cases, such exhortations, made either by the
> prosecutor or the defense, in essence urge the jury to ignore
> their sworn duty to decide the matter only on the proper facts
> presented in evidence and the applicable law.  Accordingly, we
> advise all parties in criminal matters before any court in the
> Commonwealth to refrain from such exhortation in the future.

*Commonwealth v. Hall*, 549 Pa. 269, 294, 701 A.2d 190, 202-203 (1997)
(citations omitted), *cert. denied*, 523 U.S. 1082 (1998).

(Doc. 19-1, pp. 7-8) (footnote omitted).

In evaluating whether a petitioner was denied his right to a fair trial as a result of the

prosecutor's argument, the court must look at the prosecutor's comments in the context of

the entire trial.  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Laird v. Horn*, 159 F.

Supp. 2d 58, 129 (E.D. Pa. 2001), *aff'd*, 414 F.3d 419 (3d Cir. 2005), *cert. denied*, 546 U.S.

1146 (2006).  "[T]he touchstone of due process analysis in cases of alleged prosecutorial

misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v.

Phillips*, 455 U.S. 209, 219 (1982).  A petitioner seeking a writ of habeas corpus will not

succeed merely because the prosecutors' actions "were undesirable or even universally

condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotation omitted).  Rather,

to successfully state a claim for habeas relief based on comments at trial by the prosecutor,

a petitioner must show that the prosecutor's comments were so egregious that they fatally

infected the proceedings, rendered the entire trial fundamentally unfair, and made the

conviction a denial of due process. *See Darden*, 477 U.S. at 181; *Donnelly*, 416 U.S. at

643; *Werts v. Vaughn*, 288 F.3d 178 (3d Cir. 2000); *Lesko v. Lehman*, 925 F.2d 1527, 1546

(3d Cir.), *cert. denied*, 502 U.S. 898 (1991). *See also Brecht v. Abrahamson*, 507 U.S. 619,

638 (1993) (When an error occurs, the inquiry then becomes whether, in light of the record

as a whole, the prosecutor's conduct "had substantial and injurious effect or influence in

determining the jury's verdict").

While a prosecutor's comments during opening and closing statements must be

directed to an understanding of the facts and of the law rather than to passion and

prejudice, *Lesko*, 925 F.2d at 1545 (citing *United States ex rel. Perry v. Mulligan*, 544 F.2d

674, 680 (3d Cir. 1976)), the prosecution is "accorded reasonable latitude and may employ

oratorical flair arguing its version of the case to the jury." *Henry v. Horn*, 218 F. Supp. 2d

671, 705 (E.D. Pa. 2002) (quotation omitted).

The Superior Court determined that the prosecutor correctly summarized the

elements of criminal use of a communication facility and referred to the use of the telephone

in the commission of the crime. The Superior Court found that the prosecutor's closing

argument "clearly did not rise to the level of prejudice." (Doc. 19-1, p. 7). Such factual

determinations made by state courts are binding on federal habeas appeal, and may be

rebutted only by clear and convincing evidence. *See Werts*, 288 F.3d at 196 (citing 28

14

U.S.C. § 2254(e)(1)).  Suarez failed to show that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Darden*, 477 U.S. at 181.  Accordingly, habeas relief on this claim will be denied.

### 3. *Sentencing*

Suarez next challenges his sentence and contends that he was "vindictively resentenced ... to 10 years 2 months to 26 years which is higher than a standard or mitigated range."  (Doc. 1, p. 8).

In denying Suarez's appeal from the judgment of sentence, the Pennsylvania Superior Court found that this claim was waived.  (Doc. 8-7, *Commonwealth v. Suarez*, No. 3216 EDA 2011, Sept. 4, 2012 Memorandum affirming the judgment of sentence). Specifically, the Superior Court found the following:

> Nowhere in his Rule 1925(b) statement does Suarez raise the claim he argues on appeal, that "resentencing [Suarez] to a maximum sentence in excess of the previous maximum sentence imposed creates a presumption of vindictiveness that cannot be overcome by a review of the record."  Brief of Appellant, at 14 (emphasis added).  Suarez's argument on appeal is most similar to the first claim articulated in his Rule 1925(b) statement.  However, our case law clearly articulates that vindictiveness is a discretionary matter and does not challenge the legality of the sentence. *See Robinson*, *supra*. Therefore, because Suarez challenges the legality of his sentence in his Rule 1925(b) statement and in his appellate brief argues a discretionary aspect of sentencing claim, he has not properly preserved the discretionary issue for review, and as such, it is waived.
>
> Moreover, "for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory

was presented to the trial court." *Commonwealth v. Rush*, 959 A.2d 945, 95 (Pa. Super. 2008). There is a common sense obligation to give the trial court notice as to what the trial court should address in its Rule 1925(a) opinion." *Commonwealth v. Reeves*, 907 A.2d 1, 2-3 (Pa. Super. 2006). In *Reeves*, our Court found that the defendant had waived his right to argue a specific claim as to whether or not a government entity could be considered a "person" pursuant to a statute, when his Rule 1925(b) statement did not clearly articulate the issue. *Id.* at 5. Because the defendant had not presented the precise issue to the trial court, the trial court addressed only the issues that the defendant had clearly articulated in his brief, a more general *quantum* of evidence claim. As such, we found that, because the trial court had not had the opportunity to rule on the precise issue, that claim had been waived. *Id.*

Likewise, Suarez presents general claims of illegality of sentence and discretionary aspect of sentencing, but nowhere in his Rule 1925(b) statement does he articulate that he is attacking the sentence based on a theory of judicial vindictiveness. As vindictiveness is a discretionary sentencing issue, and does not go to the legality of the sentence, the trial court could not have anticipated the vindictiveness claim. Therefore, because the trial court was not given the opportunity to address Suarez's vindictiveness claim, the issue is waived. *Rush, supra.*

(*Id.* at pp. 5-7).

It is well-settled that a federal habeas court will not review an issue of federal law where the petitioner presented the claim to the state courts in a manner that precluded review on the merits because he failed to comply with a state procedural requirement, and the decision of the state court refusing to consider the merits rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 750; *see Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996)

16

(concluding, "if the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed").

Suarez has procedurally defaulted this claim. Accordingly, he is not entitled to federal habeas review unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 260-63; *Morris*, 187 F.3d at 342. He cannot do so.

Notably, Suarez does not even acknowledge his procedural default, let alone allege cause and prejudice to excuse it. For this reason alone, the default must stand. *See Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that the petitioner's failure to allege cause for his default precluded federal habeas review of a defaulted claim). Further, he has not attempted to show that a miscarriage of justice would occur from a failure to consider the defaulted claim. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (providing that "miscarriage of justice" exception requires petitioner to come forward with new evidence of actual innocence). Because Suarez has not alleged, and cannot establish, cause and prejudice or a miscarriage of justice to excuse the default, federal review of this claim is

17

unavailable.[4]   *See Coleman*, 501 U.S. at 750.

### 4.   Ineffective Assistance of Trial Counsel

The governing standard for ineffective assistance of counsel claims involves a

two-prong test: (1) counsel's performance must have been deficient, and (2) this deficiency

must have prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

### a.   Counsel's Performance

To obtain habeas corpus relief, Suarez must show that his counsel's performance

was so inadequate that she "was not functioning as the 'counsel' guaranteed . . . by the

Sixth Amendment," *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. *Strickland's* test is

demanding as there is a "strong" presumption that counsel "rendered adequate assistance

and made all significant decisions in the exercise of reasonable professional judgment."

*Burt v. Titlow*, —— U.S. ——, ——,134 S.Ct. 10, 17 (2013). "To overcome the *Strickland*

presumption that, under the circumstances, a challenged action might be considered sound

trial strategy, a habeas petitioner must show either that: (1) the suggested strategy (even if

sound) was not in fact motivating counsel or, (2) that the actions could never be considered

---

[4]   Generally, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding. *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984); *see also* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Unless the state sentencing court committed a constitutional violation, a federal court has no basis to grant habeas relief. *United States v. Addonizio*, 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). It was within the trial court's discretion to sentence petitioner to a longer maximum term of incarceration than in his original sentence.

part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005). Even when the petitioner can point to evidence supporting a conclusion that in some respects counsel was deficient, the standard for prevailing under the first prong of *Strickland* remains stringent: a petitioner must establish that, "in light of all the circumstances," counsel's mistake was so egregious that it fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A court must assess "counsel's reasonableness . . . on the facts of the particular case, viewed as of the time of counsel's conduct." *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). Suarez has failed to overcome the presumption that counsel performed reasonably.

Suarez alleges that "trial counsel failed to object to the trial court's refusal to read an entrapment instruction to the jury raised as a defense, and failed to request [a] separate hearing under 42 Pa. C.S.A. Section 9714 or investigate and object to the use of a New York conviction triggering mandatory sentence." (Doc. 1, p. 9).

The issues of counsel's performance with respect to failure to preserve an objection to the denial of an entrapment defense and failure to object to the imposition of a mandatory sentence were addressed by the Pennsylvania Superior Court on appeal from the denial of Suarez's PCRA petition. (Doc. 21-1, *Commonwealth v. Suarez*, 482 EDA 2009, Pennsylvania Superior Court Memorandum, dated May 14, 2010). The Superior Court specifically determined that:

Appellant here asserts that the trial court erred when it found meritless his claims that trial counsel was ineffective for failing to (1) object to the absence of an entrapment instruction, and (2) object to an adequate record upon which to impose the mandatory minimum sentence under 42 Pa.C.S. § 9714. Following our review, we detect no basis upon which to disturb the conclusions of the trial court, since the record reveals (1) that trial counsel clearly preserved an objection to the decision of the trial court not to issue a jury instruction on entrapment, and (2) that trial counsel repeatedly objected to the decision of the trial court to sentence appellant to a mandatory minimum sentence based upon an allegedly inadequate record. Thus, we conclude that appellant's specific claims of ineffective representation - which were predicated upon allegations of trial counsel's errors - were indeed wholly frivolous.

(Doc. 21-1, pp. 5) (footnotes omitted).

In evaluating whether counsel's performance was deficient, this Court "must defer to counsel's tactical decisions, avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland,* 466 U.S. at 689. This Court finds that the record relied upon by the Superior Court supports a finding that trial counsel did preserve an objection to the denial of an entrapment instruction, and repeatedly objected to the imposition of mandatary sentencing. (Doc. 8-1, pp. 10-19, Sentencing Transcript). Thus, Suarez's argument that trial counsel failed to preserve an objection to the denial of an entrapment instruction and failed to object to the imposition of a mandatory sentence is completely foreclosed by the record.

b.     Prejudice

Even if trial counsel's performance was deemed objectively unreasonable, Suarez

20

has failed to demonstrate prejudice.

The second *Strickland* prong requires the following:

> To show prejudice, *Strickland* requires a petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. This requires more than just a "conceivable" likelihood of a different result. *Harrington*, 131 S.Ct. at 792. However, a petitioner "need not show that counsel's deficient performance 'more likely than not altered the outcome of the case'—rather he must show only 'a probability sufficient to undermine confidence in the outcome.'" *Jacobs v. Horn*, 395 F.3d 92, 105 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 693-94, 104 S.Ct. 2052). Moreover, "[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006) (quoting *United States v. Gray*, 878 F.2d 702, 710-11 (3d Cir. 1989) (quoting *Strickland*, 466 U.S. at 696, 104 S.Ct. 2052)).

*Grant v. Lockett*, 709 F.3d 224, 235 (3d Cir. 2013). This Court must therefore determine, in light of the totality of the evidence, whether there is a reasonable probability that counsel's alleged failure to preserve an objection to the denial of an entrapment instruction and failure object to the imposition of a mandatory sentence sufficiently undermines confidence in the outcome of Suarez's trial. Consistent with *Strickland*, it was adequately demonstrated that trial counsel was not deficient in her representation of Suarez. She made no "errors so serious" so as to cease functioning as adequate counsel under *Strickland*; indeed, as it was noted, trial counsel "clearly preserved an objection to the decision of the trial court not to issue a jury instruction on entrapment, and ... repeatedly objected to the decision of the trial

court to sentence appellant to a mandatory minimum sentence based upon an allegedly

inadequate record." (Doc. 19-1, p. 5). Thus, this Court finds that the clearly established

federal law was reasonably applied in determining that trial counsel was effective in her

assistance to Suarez. Suarez cannot demonstrate prejudice as a result of counsel's action,

that is, that the outcome of his case would have been different as a result of counsel's

performance. Therefore, the ineffective assistance of counsel claim fails. *See Strickland*,

466 U.S. at 697 (holding that an ineffective assistance claim will be dismissed if the

petitioner makes an insufficient showing under either the performance or prejudice prongs).

## III.    **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate

of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Here,

jurists of reason would not find the disposition of this case debatable. However, petitioner is

advised that he has the right for thirty (30) days to appeal our order denying his petition, *see*

28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that our denial of a certificate of

appealability does not prevent hi m from doing so, as long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* FED. R. APP. P. 22.

## IV.   Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate Order shall issue.

Date:  November ____, 2016

Robert D. Mariani
United States District Judge